Dear Chief Perkins:
This office is in receipt of your request for an opinion of the Attorney General in regard to a LACE program (Local Agency Compensated Enforcement). You ask whether, as the elected Chief of Police, you can start a LACE program in the city court without the approval of the mayor or city council, pointing out that your department is under civil service and the Lawrason Act.
We note that R.S. 15:571.11, "Disposition of fines and forfeitures", provides in Paragraph (L) that "all judgments of bond forfeiture rendered after June 22, 1993 resulting from the posting of a commercial surety bond in a criminal proceeding in the state of Louisiana upon collection by the prosecuting attorney for the jurisdiction in which the bond was posted shall be paid to the prosecuting attorney who shall, as attorney of record in the proceeding distribute the funds as follows:
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
 (3) City and municipal courts. In all city and municipal courts throughout the state of Louisiana, except in municipal and traffic courts in the city of New Orleans, where the prosecuting attorney collects on a judgment of bond forfeiture, the proceeds shall be distributed as follows:
 (a) Twenty-five percent of all funds collected by the prosecuting attorney shall be paid to the general operating account of the prosecuting attorney for political subdivision where the bond was posted.
 (b) Twenty-five percent of all funds collected by the prosecuting attorney shall be paid to the judicial court fund of the court issuing the judgment of bond forfeiture.
 (c) Twenty-five percent of all funds collected by the prosecuting attorney shall be paid to the law enforcement agency of the political subdivision
responsible for executing orders of the court where the judgment was rendered. (Emphasis added.)
 (d) Twenty-five percent of all funds collected by the prosecuting attorney shall be paid to the Indigent Defenders Program of the court where the judgment was rendered. In the event the political subdivision does not have an Indigent Defenders Program, the funds shall be paid to the Indigent Defenders Program of the Parish in which the bond was posted.
In Atty. Gen. Op. 87-244A this office was asked whether monies from the Criminal Court Fund pursuant to R.S. 15:571.11 may be used to pay off-duty officers under the Local Agency Compensation Enforcement (LACE) detail. This office observed that the court, the district attorney's office, and local law enforcement must work together in order to effectuate a working criminal justice system which the Criminal Court Fund is to aid them in all reasonable ways. It then stated, "The LACE program is one such program which has been authorized by the legislature to give help to those places that need this type of assistance."
Therefore, following the earlier reasoning of this office, and inasmuch as the Criminal Court Fund under R.S. 15:571.11 provides twenty-five percent of all funds collected shall be paid to the law enforcement agency of the political subdivision, we would conclude that you may start a LACE program without approval of the mayor or city council, but must have the participation of the City Court judge and prosecuting attorney.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr
Date Released: May 22, 2003
 BARBARA B. RUTLEDGE ASSISTANT ATTORNEY GENERAL